902 F.2d 34
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Herman PURYEAR, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of Health and Services,
Defendant-Appellee.
 No. 89-1860.
 United States Court of Appeals, Sixth Circuit.
 May 9, 1990.
 
 Before MERRITT, Chief Circuit Judge; BOYCE F. MARTIN, Jr., and RALPH B. GUY, Circuit Judges.
 PER CURIAM.
 
 
 1
 The plaintiff, Herman Puryear, was awarded social security disability benefits, including $44,280 in accrued benefits, after a five and one-half year odyssey through administrative proceedings and the federal courts. Puryear was represented throughout by counsel who ultimately prevailed before this court. Pursuant to a 25% contingent fee contract, counsel, Richard Skutt, requested attorney fees in the amount of $11,070. Time records showing 82.55 hours of work were submitted with the fee request.
 
 
 2
 The district judge referred the fee request to a magistrate who recommended a fee of only $4,987 be authorized. Included in the magistrate's calculus was a $75 per hour maximum for administrative matters and a $100 per hour maximum for court-related proceedings. Objections were filed with the district judge who adopted the magistrate's recommendation, with only very slight modifications. Counsel appealed, but before the appeal could be heard, we issued our opinion in Rodriquez v. Bowen, 865 F.2d 739 (6th Cir.1989) (en banc). In Rodriquez, we specifically addressed the proper treatment of fee awards involving contingent fee contracts, with our primary intent being to bring uniformity to the resolution of a recurrent problem and hopefully to bring an end to the varying ad hoc approaches used by the district courts. Because it appeared that the treatment afforded the fee request in the district court was not consistent with our holding in Rodriquez, the Secretary moved to remand, and the motion was granted by order entered June 14, 1989.
 
 
 3
 Upon remand, the district court, without further hearings or briefing, entered a new order reaching the same result and awarding fees in the amount of $4,985. This appeal followed.
 
 
 4
 It is clear from this case and other recent fee appeals that we did not provide the guidance or clarity we had hoped to furnish in Rodriquez. In an attempt to provide further clarification, we have issued two later opinions of which the trial judge and the parties were not aware at the time this matter was decided and subsequently appealed and briefed. See Royzer v. Secretary of Health & Human Services, No. 89-1631, --- F.2d ---- (6th Cir. Apr. 16, 1990); McGuire v. Bowen, No. 89-1669, --- F.2d ---- (6th Cir. Apr. 16, 1990).
 
 
 5
 Without attempting to reiterate in detail the holdings of Royzer and McGuire, suffice it to say that we have rejected the transmogrification of contingent fee contracts into hourly rate agreements and have disapproved of arbitrary hourly rate ceilings in situations in which no hourly rate was bargained for by the parties. The corollary of this holding is that the disallowance of hours charged, with the concomitant increase in the computed hourly rate, will not, in and of itself, mean that the requested fee is inappropriate.
 
 
 6
 The obvious feature that generates a large attorney fee request is a large award to a claimant. Generally, large awards are primarily a product of the passage of time and the increasing amount of accrued benefits to be paid. Although in some cases the passage of time may not result in any additional work on the part of claimant's counsel, such is not the case here. Counsel here has gone through two administrative hearings, two appeals to the district court, and one appeal to this court before securing benefits for the claimant. He is now before this court for the second time on the fee issue. There is no suggestion that counsel, by his actions, has in any way contributed to the five and one-half years these proceedings have taken. During this period of time, he has received no fees or reimbursements and, for most of the time involved, he had no assurance that he would ever collect any fee.
 
 In Rodriquez, we stated:
 
 7
 Deductions generally should fall into two categories: 1) those occasioned by improper conduct or ineffectiveness of counsel; and 2) situations in which counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended.
 
 
 8
 865 F.2d at 746 (emphasis added).
 
 
 9
 It was not the intent in Rodriquez automatically to equate "large benefit awards" and "windfalls," although certainly cases exist and will continue to appear in which a large award may indeed be a windfall. Nothing in Rodriquez or its progeny was ever intended to eliminate the discretion on the part of district judges in reviewing fee requests. We view the proceedings here, however, to be an abuse of discretion.
 
 
 10
 We also note again that the Secretary blows hot and cold on this issue and is as often part of the problem as the solution. In this case, for example, the Secretary recognized the district judge's initial review of this fee request was not consistent with our holding in Rodriquez and very responsibly moved to remand. However, when the district court, in effect, just reinstated its first order, the Secretary now vigorously defends on appeal.
 
 
 11
 Although more often than not we remand fee cases when an award is to be modified, here we are already on the second appeal. Our review indicates that the fee request is consistent with our holdings in Rodriquez and Royzer, and we REVERSE and REMAND for entry of the fee requested by counsel.